LECHE, J.
This suit involves the same issues as were this day , decided in another case between the same parties, under our docket No. 24543, with these exceptions, that the assessments presently in contest are for the year 1921 and that there are here also involved the assessments on several bodies of cut-over lands.
Erom a judgment, reducing the assessments on cut-over lands and on office furniture, and annulling the assessment on credits, the state assessing authorities have appealed, and appellee, in answer to that appeal, renews its prayer for reduction of assessment of its sawmill and planer.
The item of credits, set aside and annulled by our decision in the case No. 24543, 91 South. 144,1 must, for reasons assigned in that opinion, share the same fate as it did in that case.
The several items of cut-over lands and office furniture are not assailed in brief or argument, in this court, by counsel for the defendant and appellant, and we therefore assume from that fact that the contest, in that regard, has been abandoned. Besides this reason, we may add that the evidence in the record seems to fully justify the judgment which reduces their valuation.
The only remaining questions at issue are, then, the valuations of plaintiff’s sawmill and planer.
Eor the year 1921, the state raised plaintiff’s valuation of its sawmill from $85,000 to $129,600 and raised the valuation of its planing mill from $17,500 to $32,400.
In this case, we believe that plaintiff has established, by sufficient evidence and by convincing proof, that the values which it returned to the assessor are fair and equitable, and that they approximately represent the real cash value of both the sawmill and planing mill.
B. M. Talbot, J. H. Kurth, J. O. Cupples, J. B. Edwards, C.- O. Shepard, and B. M. Musser, all of whom are experienced lumbermen, familiar with the value of that kind of property, variously estimate plaintiff’s sawmill as worth from $60,000 to $80,000 and the planing mill as worth from $13,000 to $16,125. These estimates are made from comparison with the cost and selling price of other property of the same kind in the neighborhood, and by taking into account all the surrounding conditions, which are usually considered by purchasers of milling plants, in determining their proper value.
Believing that plaintiff has successfully met the burden of proof required by law, to destroy the presumption of correctness attached to the values fixed by the assessing authorities of the state, the judgment appealed from will accordingly be amended.
It is therefore ordered that the assessment for the year 1921, of plaintiff’s sawmill, be reduced from $129,600 to $85,000, and that of its planing mill be reduced from $32,-400 to $17,500, and that the judgment appealed from be accordingly amended, and it is further ordered that said judgment, as thus amended, be affirmed.

Ante, p. 303.